UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81239-DIMITROULEAS/MATTHEWMAN

ARPAPORN LAKIEO

        Plaintiff,

v.

MIDLAND FUNDING LLC, and
MIDLAND CREDIT MANAGEMENT, INC.,

        Defendants.

_____/

**ORDER REQUIRING PRODUCTION OF SERVICING AGREEMENT
SUBJECT TO CONFIDENTIALITY ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Production [DE 24], and Defendants' Motion for a Protective Order [DE 26]. Because the parties were unable to resolve this basic matter without Court intervention, the Court held a hearing on the Motions on October 16, 2020. The Court orally ruled at the hearing, and this written order follows.

After careful review of the docket, applicable rules and law, and argument of counsel, Plaintiff's Motion to Compel Production [DE 24] is DENIED as unnecessary in light of the fact that Defendants have repeatedly stated that they are agreeable to producing the Servicing Agreement subject to a confidentiality agreement or order. Defendants' Motion for a Protective Order [DE 26] is GRANTED to the extent that the Court herein enters a Confidentiality Order as to the Servicing Agreement, and Defendants shall produce the Servicing Agreement within 24 hours of entry of this Order. Since the parties cannot agree upon the terms of a confidentiality agreement, and since the Court finds good cause exists for the entry of a Confidentiality Order governing the Servicing Agreement, the Court hereby orders as follows:

The Servicing Agreement to be produced by Defendants in this case shall be deemed confidential; it shall not be disseminated to the public or filed in any other litigation; its terms shall not be made public; and, it shall be used only for purposes of this litigation. Plaintiff's counsel may provide a copy of the Servicing Agreement to an expert, if necessary to litigate this case, as long as the expert agrees to comply with this Confidentiality Order and signs a written agreement to do so. The Servicing Agreement may be used in a deposition in this case as may be necessary, and the portions of the deposition and transcript discussing the Servicing Agreement shall also be deemed confidential. Should any party to this case need to file the Servicing Agreement or deposition transcript discussing the Servicing Agreement with the Court, they shall first seek leave of Court to file the material under seal for the Court's consideration. This Confidentiality Order shall remain in effect unless and until modified or rescinded by the Court.

The Court notes that there is no common-law right of access to discovery material filed with discovery motions. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted), *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *2 (S.D. Fla. Oct. 25, 2017). Defendants' Servicing Agreement is a confidential, proprietary business document. It should be produced in discovery in this case, but it shall remain confidential unless and until further order of the Court. At this point in the litigation, Defendants' confidentiality and proprietary business concerns far outweigh any rationale by the Plaintiff or Plaintiff's counsel for filing the Servicing Agreement in the public domain or releasing its contents to the public or in any other litigation.

The parties are free to agree on a more complete confidentiality order for consideration by the Court if they wish to do so, but that shall not delay any further production of the Servicing Agreement as the Court's confidentiality order is now in full effect. Any violation of this Order may result in sanctions pursuant to Federal Rule of Civil Procedure 37(b) and the inherent

jurisdiction of this Court, including but not limited to contempt of court and an award of attorneys' fees and costs against the offending party, person, entity, and counsel.

The parties' requests for an award of attorney's fees or costs in reference to DE's 24 and 26 are DENIED for the reasons stated on the record at the October 16, 2020 hearing and because any such award of attorney's fees and costs per Fed.R.Civ.P. 37 would be unjust. Failure of the parties or counsel to cooperate during the discovery process in the future, however, may result in sanctions or cost shifting against the offending party and counsel.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of October, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge